MICHAEL FRITZ'S ADM'R *v.* SARAH J. COFER.

**Married Women—Executory Contracts.**

A married woman cannot be compelled to complete an executory contract, but she will not be relieved against an executed contract on the sole ground of her coverture.

APPEAL FROM HARDIN CIRCUIT COURT.

November 1, 1877.

OPINION BY JUDGE LINDSAY:

It was neither necessary nor proper that Mrs. Cofer should leave her home in the country and move to Elizabethtown. The contract for the purchase of the house and lot cannot therefore be upheld upon the idea that the joint undertakings or promises of the husband and wife were made for necessaries for herself and family.

The fact that she was a married woman at the time of the purchase will not entitle her to a rescission of the contract, nor enable her to resist the enforcement of the vendor's lien, if said contract has been fully executed by the delivery and acceptance of the deed of conveyance. A married woman cannot be compelled to complete an executory contract, but she will not be relieved against an executed agreement on the sole ground of coverture.

Appellant alleges in her petition that the conveyance was duly accepted by defendants and duly recorded. Mrs. Cofer, answering, says "she denies that she ever accepted the deed for the property."

It is not proved that she did accept it, nor that either she or her husband had it recorded, or ever had it in possession. The burden lies on appellant to prove the acceptance, in order to conclude Mrs. Cofer by showing an executive contract. She failed to make such proof, and therefore the court below properly treated the contract as executory and decreed a rescission thereof and the cancellation of the deed and the notes.

Mrs. Cofer was entitled to a judgment in personam against the administratrix of her deceased vendor, for the balance of the purchase money paid after deducting the reasonable rents of the house and lot, and this judgment is *affirmed*.

But she could not enforce her alleged lien on the property to secure the payment of said judgment, without making the heirs at law of the decedent parties to her own action. Therefore the judgment enforcing the lien is *reversed*.

Judge Cofer not sitting.

*Wilson & Hobson, for appellant.*

*A. B. Montgomery, for appellee.*